Ruffin, Chief Justice,
having stated the case as above, proceeded as follows: In a case of this kind this Court cannot receive a- suggestion of the diminution of the record, and thereon take steps for bringing up the proofs, or in any respect altering the form in which the case is sent to us. The act pf Assembly declares the allowance of an appeal from an interlocutory judgment or decree, to be in the discretion of the Court below; and consequently directs the Judge to have certified to this Court only so much of the proceedings as he shall think necessary to present the question to be considered here. If, however, his Honor sends up to this Court points which he has decided, without also sending his finding of the facts on which those points arise, or sending the evidence, at least, on which he grounds his opinion, it is manifest that this Court can give to the Judge of the Superior Court no answer on which we could advise him to act in the cause before him.
Upon the case being again brought up by appeal from the final decree, the Court might be placed in an awkward situation by finding that, comformably to the certificate sent down, *477 a decree had been entered not at all suitable to the facts of the case, or contrary to the evidence. To enable us to act usefully to the parties, or in aid of the Judge below, we must have before us every thing that was material to the matter of law decided, which was before the Court below, as a ground of the decree. Without so much,, this Court cannot say whether the decree was right or wrong; and therefore ought not to direct it to stand or to be annulled.
It is not error to refuse to dismiss a cause on motion for want of parlies, though it may be error to decree finally without them.
After the death of all the executors of an estate, and at the end of forty years, a presumption of satisfaction or abandon-mem of a legacy, becomes cogent. unless it be repe.l-ed by the time of the payment of the aga of’ tile practice °t some particular imposition sufficient s-ances"
*477 Upon the first point decided in this case, we could say, indeed, that it is not error to refuse to dismiss on motion, for want of parties, though it may be error to decree finally without them. In the mean lime, parties may be made. We cannot determine whether other parties ought to be made here or not; for the will is not sent to us, nor any sufficient .statement of its contents set forth in the pleadings. No doubt, it was one of the exhibits in the cause to which the decree alludes.
Upon the other point, the materials for forming an opinion are yet more defective. The petition, which is most meagre in its charges, does not state the period, of the death of the testator, but leaves it blank. The answer says that it was forty years before suit brought; but in a case where the decree says it was founded on proofs besides the pleadings, we cannot take the answer for true in that respect, nor in that of the loss of the executor’s house and papers by fire. If those allegations be true, we may safely say, that after the death of all three executors, and at the end of forty years, a presumption of satisfaction or abandonment becomes cogent, unless it be repelled by the time of payment of the legacies, the age of the legatees, the practice of some particular imposition, or other sufficient circumstances. In such a case, we should think, that for any matter stated in this petition by way of excusing the delay, there was little doubt that the claim comes too late. But we cannot venture to pronounce that, or any other opinion for the guidance of the Superior Court; for we should be taking a complete leap in the dark if we did.
The result is, that for want of the evidence, or a sufficient statement of the facts of the case, the Court is unable to de *478 cide the matter of law raised on the record; and consequent-cannot take jurisdiction of the case. To avoid this, we have allowed the case to stand for several terms, in the expectation that a fuller transcript or a statement would have been filed by consent. But, being: disappointed in this, the J t ■ ; & # 1 appeal must be dismissed as having* been improvidently granted, and this certified to the Superior Court. Neither party recovers costs; but the defendant must pay the office fees.
Per Curiam. Appeal dismissed.